**In re Gilbert FLEMMING and Nancy Flemming, Debtors.**

No. 09–20625.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 21, 2011.

Susan M. Gray, Susan M. Gray Attys. & Counselors at Law, Rocky River, OH, for Debtors.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court on the Fee Application by Counsel for co-debtors Gilbert and Nancy Flemming (the "Application"). This Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), (b)(1), 28 U.S.C. § 1334 and General Order No. 84 of the District. A hearing was held upon due notice to all entitled parties. After considering the

record, generally, the following constitutes the Court's factual findings and conclusions of law:

\*

On November 9, 2009, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. Their Chapter 13 Plan was confirmed on October 8, 2010, following an appeal to the Bankruptcy Appellate Panel. Debtors' counsel (the "Applicant") filed an application for attorney's fees in the amount of $10,550.04 on December 7, 2010.

\* \*

The sole dispositive issue before this Court is whether the fees requested by Debtors' counsel meet the "reasonableness" standard of the Bankruptcy Code.

\* \* \*

Debtors' filed a "Rights and Responsibilities of Chapter 13 Debtors and their Attorneys" the day after filing their petition. The form indicates that the initial fee charged the Debtors is $3,000.00, including a retainer of $800.00. The form also indicates that the Applicant will apply to the Court for any additional fees in the event that the initial fee charged is not sufficient to cover the work done on Debtors' case. The Rights and Responsibilities form was executed on September 18, 2009.

The Application contains invoices detailing time spent on Debtors' case from September 2, 2009 through September 30, 2010. The total fee requested for approval is $10,550.04, including the $800.00 retainer.

\* \* \* \*

Administrative Order 07–2 governs allowance of attorneys' fees in Chapter 13 cases in the Cleveland Bankruptcy Court. It specifies that debtor's counsel shall file an executed copy of the "Rights and Re-sponsibilities of Chapter 13 Debtors and their Attorneys" within five days of filing the petition. Administrative Order 07–2 at 2–3. It further provides that debtor's counsel need not file a fee application if certain requirements are met. Specifically:

3. If—

(a) an executed copy of the form "Rights and Responsibilities of Chapter 13 Debtors and their Attorneys" has been filed with the Court;

(b) the total fee (including expenses other than filing fees) requested by counsel for the debtor is $3,000 or less;

(c) the fee arrangement provides that $800 or less will be paid before the filing of the bankruptcy petition with the balance to be paid through the Chapter 13 plan; and

(d) no party in interest has objected to the proposed fee,

then those fees may be allowed by the Court in the order confirming the debtor's plan of reorganization based upon the form "Rights and Responsibilities of Chapter 13 Debtors and their Attorneys" signed by the attorney and debtor, and the attorney need not file a fee application under 11 U.S.C. § 330 and Bankruptcy Rule 2016(a).

Administrative Order 07–2 at 3. It also provides a list of the types of matters that should be covered by the above fee. The attorney fee should include meeting with and advising the debtor, understanding his or her financial situation, preparing required documents to be filed, representation in certain routine matters, and "[p]roviding such other legal services as are necessary for the administration of the case." Administrative Order 07–2 at 4–5.

The Order further provides requirements that must be fulfilled if a debtor's

attorney is requesting fees for novel or complex matters. It provides:

> With respect to novel, complex, or non-routine matters, counsel may file a fee application in compliance with Bankruptcy Rules 2002 and 2016, setting forth, at a minimum: (a) documentation that services rendered in the case exceed, under the traditional lodestar analysis, the fee previously approved by the Court, and (b) as to each activity for which an additional fee is requested, the identity of the person performing such services, the billing rate for such person, the services performed, the dates of the services, the amount of time expended, and how such services are novel, complex, or non-routine.

Administrative Order 07–2 at 7.

Title 11 U.S.C. § 330 provides guidelines for a court to determine the reasonableness of attorneys' fees. It states, in pertinent part:

> (a)(3) In determining the amount of *reasonable* compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) *the rates charged for such services;*
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) *whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;*
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) *whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.*

11 U.S.C. § 330. (Emphasis added.)

\* \* \* \* \*

An examination of the Application shows several areas where the fee charged is excessive. The invoice shows that the total amount of fees billed from the first meeting with the Debtors through the filing of their case is $3,045.00. The Applicant accrued fees up to the no-look amount ($3,000.00) before the Debtors' case was filed, before there was any need to make modifications or amendments to documents, represent the Debtors at hearings, or respond to objections to confirmation. The Debtors are consumer debtors who do not operate a business. For example, there is a charge of $575.00 that reads "Analyzed file and prepared petition and schedules" and a later charge of $475.00 that reads "Review documents to prepare petition and schedules" that is duplicative. It is unclear why such a large amount of work needed to be done in the preparation for the filing of Debtors' case. Furthermore, if the preparation of the Debtors' case required additional work because of novel or complex issues, the fee application does not indicate how the services were novel or complex as required by Administrative Order 07–2. *Id.* at 7.

Also excessive is a charge of $900.00 for "Analyz[ing Form] 22C to see cost of calculating trustee's way" and discussing with the Debtors and Chapter 13 Trustee. Given the Applicant's expertise, it is unclear why recalculating Form 22C and discussions regarding it warrant a $900.00 fee. The means test was part of the

Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005. The Debtors' case was filed four years after BAPCPA's enactment. This case presents no complex matters for a seasoned practitioner, as the Applicant, to properly compute the means test calculations.

Additionally, although there was an appeal taken in the case, the existence of work performed on appeal does not change the standard of reasonableness for fee applications. The Applicant's appellate activity in this matter has been duly considered. The appeal was taken by the Debtors upon this Court's Order which sustained the Chapter 13 Trustee's Objection to plan confirmation. Ultimately, the Debtors' voluntarily dismissed their appeal. Notedly, the Application and the appellate docket reflect no appellate briefing preparation or submission. Nor does the docket reflect the occurrence of any scheduled oral argument or appendix submission prior to the Debtors' voluntary dismissal of their appeal. In summary, other than two relatively brief teleconferences with the BAP conference attorney, the appellate activity in this case was negligible.

Finally, the Application contains a charge for copies which fails to comply with General Order 93–1 of this Court. Accordingly, such charge for copies is hereby disallowed.

As a general rule, the prosecution of a consumer Chapter 13 case is relatively unsophisticated and non-complex for an experienced Chapter 13 practitioner. Herein, the Applicant is an experienced practitioner, who has practiced before this Court for many years. The subject case for which compensation is sought is neither complex nor sophisticated. It is a garden variety Chapter 13 case. The only exceptional factor concerning its prosecution is the relatively brief appellate activity which resulted in a voluntary dismissal of the appeal.

Prepetition, the Applicant received an $800.00 retainer, with the fee balance to be paid through the Debtors' plan. Permitting a fee balance to be paid through the life of a plan does not, however, present a fee enhancement opportunity for a duly retained professional. The standard of reasonableness, as provided in § 330 of the Bankruptcy Code, is paramount.

The Debtors' case is very basic in nature. Only one other objection to confirmation was filed in addition to the Trustee's, and was resolved by an agreed order. Many of the billing entries are related to basic services which are generally covered by the no-look fee. Although an appeal was taken from the ruling on the Trustee's Objection, the bulk of the fees charged are unrelated to the work on appeal. The requested attorneys' fees are excessive given the non-complex nature of the Debtors' case.

\* \* \* \* \* \*

Accordingly, the total fees sought by the Applicant are unreasonably excessive. The Application is hereby approved in part and denied in part. Total compensation is approved in the amount of $5,800.00, including the $800.00 retainer received by Applicant, previously.

**IT IS SO ORDERED.**